# THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

SCOTTSDALE INSURANCE COMPANY, )
                                                 )
                  Plaintiff, )
                                                 )
v.                                               )    Case No. 04-CV0227-H (M)
                                                 )
MICHAEL S. TOLLIVER, and )
SANDRA L. TOLLIVER,                )    **JURY TRIAL DEMANDED**
                                                 )    **ATTORNEY LIEN CLAIMED**
                  Defendants. )

## ANSWER AND COUNTERCLAIM

COME NOW the Defendants, Michael S. Tolliver and Sandra L. Tolliver, and for their answer to Plaintiff, Scottsdale Insurance Company's, Complaint, allege and state as follows:

### PARTIES

1. Admitted.

2. Denied. Plaintiff was incorporated in the State of Ohio on January 14, 1982 and is organized under the laws of the State of Ohio. Plaintiff's statutory home office is in Columbus, Ohio. Defendants admit that Plaintiff's main administrative office is in Scottsdale, Arizona.

3. Admitted.

### JURISDICTION

4. Admitted.

### COUNT FOR DECLARATORY RELIEF

5. Defendants admit that on or about September 23, 2002, Sandra L. Tolliver made application for a policy of insurance with the Plaintiff to cover a house located at 1735 E. 31st Street in Tulsa, Oklahoma. Defendants further admit that the application referenced a hail loss that occurred in 2001 and that the structure insured by Plaintiff following the submission of the



September 23, 2002 application was destroyed by fire. However, the fire occurred in the early morning hours of March 29, 2003—not March 28, 2002 as alleged by Plaintiff. Finally, Defendants admit that they were examined under oath by Plaintiff on July 21, 2003. The remaining allegations in Plaintiff's Complaint are denied.

## AFFIRMATIVE DEFENSES

1. Waiver

2. Estoppel

3. Unclean Hands

## COUNTERCLAIM

## FACTS

1. Plaintiff is a wholly owned subsidiary of Nationwide Mutual Insurance Company ("Nationwide").

2. All of Plaintiff's outstanding capital is owned by Nationwide.

3. The operations of Plaintiff are directed by the same general management that guides Nationwide.

4. Plaintiff is not licensed by the Oklahoma Insurance Commissioner to sell insurance in the State of Oklahoma.

5. Despite the fact that it is not licensed by the Oklahoma Insurance Commissioner, Plaintiff does, in fact, sell surplus lines insurance in the State of Oklahoma including the Northern District of Oklahoma on a non-admitted basis.

6. Because Plaintiff is not a licensed, admitted insurer in the State of Oklahoma, it is not subject to rate and form approval by the Oklahoma Department of Insurance. However, it is also

not permitted under Oklahoma law to write coverage for risks that can be written by licensed, admitted carriers.

7. By virtue of the fact that Plaintiff writes surplus lines insurance, Plaintiff usually insures risks that do not fit in the admitted market.

8. The business accepted by surplus lines insurers normally includes risks with unfavorable underwriting characteristics that the admitted market is unwilling or unable to insure and specifically includes risks with adverse loss experiences.

9. Before a risk may be placed with a surplus lines insurer in Oklahoma, a good faith diligent search of the admitted market must be made, and coverage for the risk must be shown to be unavailable in the admitted market.

10. Plaintiff markets its insurance products in Oklahoma and elsewhere throughout the United States through the use of managing general agents.

11. Plaintiff's managing general agents enjoy a close relationship with the company and perform vital underwriting and marketing functions on its behalf.

12. Plaintiff's managing general agents have limited binding authority and, subject to final approval by Plaintiff, make decisions on behalf of the Plaintiff on what it insures, how much it is insured for and under what terms and conditions.

13. One of Plaintiff's managing general agents in the State of Oklahoma is Westphalen, Bradley & James, Inc. ("Westphalen").

14. Defendants are named insureds on a policy of insurance issued by Plaintiff numbered DFS0459129 covering a dwelling located at 1735 E. 31st Street in Tulsa, Oklahoma ("the policy").

3

15. The policy was underwritten and issued on Plaintiff's behalf by Westphalen and was effective from September 24, 2002 to September 24, 2003.

16. The limit of liability under the policy for coverage "A" (dwelling) losses was $260,000.00.

17. The premium for the policy was $3,359.14 and has been paid in full by Defendants.

18. On March 29, 2003, Defendants suffered a covered fire loss.

19. Three days later on April 1, 2003, Defendants made a timely claim for insurance benefits under the policy. Plaintiff canceled Defendants' policy the same day as a result of that claim.

20. Defendants' property was a total loss. The extent of Defendants' damages as a result of the fire exceed the policy limits of $260,000.00 contained in the policy issued to them by Plaintiff.

21. On October 30, 2003, seven months after the loss, Plaintiff denied Defendants' claim on the basis that Defendants allegedly misrepresented their prior loss history on the application for insurance.

22. On March 19, 2004, nearly a year after the loss and after: (1) canceling Defendants' policy; and (2) denying Defendants' claim, Plaintiff filed this action belatedly seeking a determination from the court concerning a coverage position it had already taken. Adding insult to injury, Plaintiff seeks an award of costs and attorneys fees against Defendants in this matter in addition to an order relieving it from liability under its policy with Defendants.

23. To date, Plaintiff has not returned the unearned premium on Defendants' policy despite the passage of more than a year since the policy was canceled.

## CAUSES OF ACTION

### BREACH OF CONTRACT

24. Defendants incorporate and reallege all of the allegations contained in Paragraphs 1 through 23 above.

25. At the time of the loss referred to above, Defendants' insurance coverage with Plaintiff was in full force and effect.

26. Following the loss, Plaintiff had a contractual duty to, among other things: (1) conduct a full, fair and complete investigation of Defendants' claim; (2) disclose all applicable policy benefits to Defendants; (3) promptly pay all covered losses; and (4) promptly return any unearned premiums following the cancellation of the policy.

27. Plaintiff has breached its contractual duties to Defendants.

28. As a direct result of the actions of Plaintiff, the Defendants have been damaged in an amount in excess of $75,000.00.

### BAD FAITH

29. Defendants incorporate and reallege all of the allegations contained in Paragraphs 1 through 28 above.

30. Plaintiff's handling of Defendants' claim was unfair and unreasonable and was a breach of Plaintiff's implied obligation of good faith and fair dealing toward Defendants.

31. Defendants further allege that it is the corporate goal of the Plaintiff to increase its profits by reducing or avoiding the payment of claims.

32. Defendants further allege that the actions of the Plaintiff during the handling of this claim were not isolated events, but rather were consistent with approved company-wide practices

or policies which reward and encourage the systematic reduction or avoidance of the payment of claims.

33. Defendants further allege that, in furtherance of these company-wide practices or policies, the Plaintiff: (a) trains its employees to reduce or avoid payment of claims; (b) sets goals for its employees regarding the reduction or avoidance of payment of claims; and (c) measures results and reviews the performance of employees regarding the reduction or avoidance of payment of claims.

34. The bad faith conduct of the Plaintiff has affected and damaged not only the Defendants, but numerous other policyholders in Oklahoma and across the country.

35. As a direct result of the actions of Plaintiff, Defendants have been damaged in an amount in excess of $75,000.00.

## **PUNITIVE DAMAGES**

36. Defendants incorporate and reallege all of the allegations contained in Paragraphs 1 through 35 above.

37. The Plaintiff's treatment of Defendants and its handling of the Defendants' claim demonstrates it intentionally, and with malice, breached its duty to deal fairly and in good faith.

38. Plaintiff's intentional and malicious actions in this case are consistent with, and were motivated by, the Plaintiff's corporate goal of increasing profits through the systematic reduction or avoidance of claims.

39. Plaintiff's use of improper corporate goals regarding the systematic reduction or avoidance of claims is longstanding. These goals were designed and implemented at the highest levels of management in the company are their use is widespread throughout the organization.

40. Despite an awareness of the impropriety of such goals gained through litigation brought against Plaintiff by its own policyholders, Plaintiff has made no effort to correct its wrongful conduct.

41. Plaintiff's intentional and malicious conduct has affected not only the Defendants, but numerous other policyholders in Oklahoma and across the country and has resulted in a substantial increased financial benefit to the Plaintiff.

42. The Defendants, therefore, seek punitive damages pursuant to 23 O.S. § 9.1 to: (1) punish Plaintiff for its wrongful conduct; (2) disgorge Plaintiff of its wrongful financial gains; and (3) deter future similar wrongful conduct on the part of Plaintiff and others.

WHEREFORE, Defendants request actual damages in excess of $75,000.00, punitive damages, pre-judgment interest, post-judgment interest, court costs, attorney's fees, and any further relief that the Court deems just and proper.

Respectfully submitted,

Brian E. Dittrich, OBA #14934
DITTRICH LAW FIRM, P.L.L.C.
406 South Boulder, Suite 416
Tulsa, Oklahoma 74103
(918) 583-7607 *Telephone*
(918) 582-9905 *Facsimile*
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2004, a true and correct copy of the foregoing was faxed to the following:

Richard M. Healy
KLINE, KLINE, ELLIOTT,
CASTLEBERRY & BRYANT, P.C.
720 N.E. 63rd Street
Oklahoma City, OK 73105

**FAX NUMBER (405) 842-4539**