IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04-CV-0227-CVE-FHM ) |
| MICHAEL S. TOLLIVER and SANDRA L. TOLLIVER, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court for consideration is Defendants' Motion in Limine and Brief in Support (Dkt. # 61). Defendants request that the Court exclude any evidence, including expert testimony, that the fire on March 29, 2003 which destroyed defendants' rental property was intentionally set. Defendants also seek to exclude the testimony of plaintiff's bad faith expert. Plaintiff did not have an opportunity to respond because all deadlines were stricken six days after this motion was filed. However, after reviewing the motion, the Court finds that it is not necessary to order a response because the motion in limine is premature.

**I.**

This lawsuit arose out of a fire loss incurred by Sandra and Michael Tolliver ("the Tollivers") at the residential property they owned at 1735 East 31st Street, Tulsa, Oklahoma ("the property"). The Tollivers obtained fire dwelling insurance for the property through Scottsdale Insurance Company ("Scottsdale") but omitted several prior fire loss claims from their application. On March 29, 2003, the property was destroyed in a fire and the Tollivers filed a $260,000 total loss claim with Scottsdale. After conducting an investigation, Scottsdale denied the claim because it

believed the Tollivers intentionally failed to include the prior claims on their application.[1] Scottsdale also uncovered some evidence suggesting that the fire was set intentionally.

The Tollivers filed a motion in limine to prevent Scottsdale from making any reference that the fire the result of arson, and they seek to exclude the testimony of Scottsdale's expert witness, Robert Russell, related to the cause of the fire. The Tollivers also request that the Court exclude the testimony of Scottsdale's bad faith expert, Steven Ashley, because he has not filed an expert report as required by Fed. R. Civ. P. 26(a)(2). Defendants' motion was filed on March 1, 2005. However, the Court stayed all deadlines in the case on March 8, 2005, because it granted Scottsdale's motion to certify a question to the Oklahoma Supreme Court. The stay was lifted on December 29, 2005, but the Court did not enter a new scheduling order at that time. The Court held a status conference on June 28, 2006 and reset all deadlines. Under the new scheduling order, Scottsdale has until August 18, 2006 to identify expert witnesses and submit Rule 26 reports. The discovery cutoff has been extended to October 31, 2006.

**II.**

Defendants ask the Court to prevent Scottsdale from making any reference that the fire may have been intentionally set because it was not used a basis to deny coverage. Defendants rely on deposition excerpts from Scottsdale employees that it currently has no evidence that arson may have been a cause of the fire. This does not mean that Scottsdale will not uncover evidence to support this theory as discovery progresses. The deposition testimony cited by defendants simply states that Scottsdale does not currently have enough evidence to support a claim for arson and that it will not

---

[1] The Court's opinion and order ruling on Scottsdale's motion for summary judgment (Dkt. # 87) contains a more detailed discussion of the facts and law related to the Tollivers omissions on the application.

raise the issue without adequate evidentiary support.[2] However, the Court will not prevent Scottsdale from conducting discovery on this issue or issue a prospective ruling precluding admission of this evidence at trial. Scottsdale has also produced an expert report calculating the odds of four fires occurring to the same homeowners within such a short of period of time. There is no reason to exclude that report until the completion of discovery and an indication Scottsdale intends to raise the cause of the fire as an issue at trial. The Court will not prevent Scottsdale from seeking discovery or presenting evidence that the fire was intentionally set, and Scottsdale's motion in limine to exclude evidence of arson is denied.

The Tollivers' motion in limine to exclude the testimony of Scottdale's bad faith expert is moot. The Court has already granted Scottsdale's motion for summary judgment on the Tollivers' bad faith crossclaim and this issue is no longer before the Court. Assuming Scottdale has another use for Ashley's testimony, under the new scheduling order Scottsdale has until August 18, 2006 to produce an expert report. The Court is also cognizant that Tenth Circuit precedent requires the Tollivers to do more than simply point out that Scottsdale failed to provide a Rule 26 report for its

---

[2] Scottsdale's claim manager, David Erickson, testified he did not know what caused the fire. He stated that he has not accused the Tollivers of arson, but he implied that he had not closed the investigation as to the cause of the fire.

proposed expert witness.[3]  The Tollivers request to exclude the testimony of Steven Ashley is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine and Brief in Support (Dkt. # 61) is **denied**.

**DATED** this 1st day of August, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Although Rule 37(c)(1) allows the Court to exclude expert testimony for a party's failure to comply with Rule 26(a), this is not a mandatory result. Miller v. Pfizer, Inc., 356 F.3d 1326, 1332 (10th Cir. 2004) ("Failure to make proper disclosure may require exclusion of the expert as a witness."); Jacobsen v. Deseret Book Co., 287 F.3d 936, 952-53 (10th Cir. 2002) ("Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless."); Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) ("'The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'").