IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SCOTTSDALE INSURANCE )
COMPANY, )
) 
      Plaintiff, )
)
v. ) Case No. 04-CV-0227-CVE-FHM
)
MICHAEL S. TOLLIVER and )
SANDRA L. TOLLIVER, )
)
      Defendants. )

**OPINION AND ORDER**

Now before the Court is Defendants' Motion to Reconsider and Brief in Support (Dkt. # 89) and plaintiff's Unopposed Application to Extend Expert Identification Date and Expert Witness Reports (Dkt. # 90). Defendants ask the Court to reconsider its opinion and order granting summary judgment (Dkt. # 87) in favor of plaintiff on defendants' bad faith claim.

**I.**

Plaintiff Scottsdale Insurance Company ("Scottsdale") denied a fire dwelling insurance claim filed by defendants Michael and Sandra Tolliver ("the Tollivers"). During its investigation of the Tollivers' claim, Scottsdale discovered discrepancies between the Tollivers' actual loss history and the information provided in their application. Scottsdale filed a declaratory judgment action seeking a ruling that it had no duty to insure the Tollivers for their fire loss because of the misrepresentations in the application. The Tollivers counterclaimed for breach of contract and bad faith.

Scottsdale filed a motion for summary judgment requesting a ruling in its favor on all pending claims and counterclaims. The Court held that summary judgment was appropriate on the Tollivers' counterclaim for bad faith because there was a legitimate coverage dispute. However, the

Court found no direct evidence that the Tollivers acted with an intent to deceive Scottsdale, and there were genuine issues of material fact precluding summary judgment on the Tollivers' breach of contract counterclaim and Scottsdale's declaratory judgment action. The Tollivers have filed a motion to reconsider, arguing that the Court "fundamentally misunderstood" their basis for bringing a bad faith claim.

## II.

The Court treats defendants' motion to reconsider under Fed.R.Civ.P. 54(b), as the underlying order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir.2003). Defendants' motion suggests the Court should reconsider its opinion and order under a de novo standard, because the Court has the discretion to amend interlocutory orders at any time. The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d at 1186 n. 5 (10th Cir.2000). The Court will exercise its discretion to review defendants' motion under the standards applicable to Rule 59(e) motions.

## III.

Defendants claim that the Court's opinion and order granting summary judgment on their bad faith claim constitutes clear error or manifest injustice and that it would be a waste of judicial

resources to allow it stand. Defendants offer four arguments for reconsideration: (1) the Court has fundamentally misunderstood the basis for their bad faith claim; (2) the Court erroneously determined that a lack of evidence showing the Tollivers intended to deceive Scottsdale was irrelevant to the bad faith claim; (3) the Court failed to impute Westphalen Insurance Services' knowledge of the Tollivers' loss history to Scottsdale; and (4) the Court did not consider the unrebutted expert testimony of the Tollivers' bad faith expert.

### A.

Defendants argue that Scottsdale acted in bad faith by denying their fire loss claim, because there was no evidence that defendants intended to deceive Scottsdale and Scottsdale did not conduct an adequate investigation. These issues were both addressed in the Court's opinion and order ruling on Scottsdale's motion for summary judgment, and defendants have not presented a valid basis for the Court to reconsider its ruling. Defendants ignore the legal authority cited by the Court and simply reassert the same facts cited in their response to Scottsdale's motion for summary judgment. After reviewing its opinion and order, the Court does not find that it was clear error to grant summary judgment against the Tollivers on their bad faith claim.

Tenth Circuit precedent is clear that the absence of evidence showing an intent to deceive does not provide a basis to oppose a motion for summary judgment in a bad faith case. In its previous opinion and order, the Court discussed the Tenth Circuit's decision in Oulds v. Principal Life Insurance Company, 6 F.3d 1431 (10th Cir. 1993), which held that when an insured's application for coverage contains material misrepresentations or omissions, the insurer has a legitimate basis to dispute the existence of coverage. Id. at 1440-41. Summary judgment is appropriate if the insurer's agents investigating the insured's claim "actually knew or should have

known that [the insured's] application did not contain intentional misrepresentations." Id. at 1441. Although defendants attempt to distinguish this case factually, they ignore the holding of Oulds in their motion to reconsider. As long as Scottsdale conducted a reasonable investigation of the claim and concluded that the omissions on the application were intentional, a legitimate coverage dispute existed. The Court's finding that Scottsdale lacked evidence to prove the Tollivers intended to deceive Scottsdale does not preclude summary judgment on the Tollivers' bad faith claim.

The Tollivers misunderstand the issue before the Court in a bad faith case. Scottsdale does not have to prove that the Tollivers intended to deceive Scottsdale to prevail on its motion for summary judgment; Scottsdale simply has to show that it had a legitimate basis for disputing coverage. Hays v. Jackson Nat'l Life Ins. Co., 105 F.3d 583, 590 (10th Cir. 1997); Claborn v. Washington Nat'l Ins. Co., 910 P.2d 1046 (Okla. 1996). The summary judgment record establishes that Scottsdale's investigation uncovered these omissions and that Scottsdale would not have issued the policy if it had known of the Tollivers' loss history when it issued the policy. As the Court previously discussed, this creates a legitimate basis to dispute coverage. The Tollivers have not presented any new evidence or legal authority that would provide a basis for the Court to reconsider its ruling.

**B.**

Defendants argue that Westphalen Insurance Services ("Westphalen") is Scottsdale' managing general agent, and that as a matter of law any knowledge of Westphalen's underwriter, Vanessa Bagwell, is attributable to Scottsdale. The Court found that defendants had not submitted sufficient evidence to show that Westphalen was Scottsdale's managing general agent, and did not

consider this issue in its ruling on Scottsdale's motion for summary judgment.[1] Even if the Court were to accept this argument, it would have no effect on the Court's ruling.

The only relevant information for purposes of defendants' bad faith claim is the information Scottsdale actually had before it at the time it made its claims decision or should have discovered through a reasonable investigation of the Tollivers' claim. The Tenth Circuit, interpreting Oklahoma law, has stated that "the alleged knowledge and acts of the agent at the time of the application is not imputed to the principal for purposes of determining whether the principal acted in bad faith. Hays, 105 F.3d at 590. Scottsdale presented evidence that it had a "good faith belief, *at the time its performance was requested*, that it had a justifiable reason for withholding payment under the policy." Buzzard v. McDaniel, 736 P.2d 157, 159 (Okla. 1987). Scottsdale was permitted, for purposes of a bad faith claim, to rely on the truthfulness of the application without investigating the facts stated on the application. Marshall v. Universal Life Ins. Co., 831 P.2d 651, 653-54 (Okla. Ct. App. 1992). The Court finds that even if Bagwell was aware of the Tollivers' loss history at the time they applied for coverage, this does not provide a basis for the Court to impute Bagwell's knowledge to Scottsdale at the time it investigated the Tollivers' claim.

Defendants argue that if Bagwell's alleged knowledge of the Tollivers' loss history is imputed to Scottsdale, summary judgment is inappropriate. Defendants claim their loss history was part of their file at Westphalen, and the loss history was included on an application to Lloyd's of London for insurance on the same property. However, a reasonable investigation by Scottsdale at

---

[1] At the time of summary judgment, defendants had failed to include any citations to the record to support this argument. Now they have pointed out evidentiary materials attached to their response which support this argument. Thus, the Court will consider this issue as part of its reconsideration.

5

the time the Tollivers filed a claim still would not have uncovered their loss history in the Westphalen file. The Court reviewed the Lloyd's of London application and did not find any reference to the Tollivers' loss history.[2] A reasonable investigation of the Tollivers' file at Westphalen would not have produced any additional information for Scottsdale to consider at the time the Tollivers filed a claim. In her deposition, Bagwell simply states that she was aware of the information in the Lloyd's of London application, but does not specifically state that she was aware of the nature of any previous rental loss claims. If anything, this creates a stronger basis for Scottsdale to conclude there was a legitimate basis to dispute coverage on the basis of undisclosed information. The Tollivers have not presented any new evidence that Bagwell had specific knowledge that would have been imputed to Scottsdale, and the Court will not reconsider its ruling on this basis.

## C.

The Tollivers' final argument is that summary judgment is inappropriate because Scottsdale failed to rebut the affidavit of their bad faith expert, Gary T. Fye. The Tollivers rely on Oklahoma procedural law for the proposition that they may introduce expert testimony in response to a motion for summary judgment. See Hale v. A.G. Ins. Co., 138 P.3d 567, 572 (Okla. Civ. App. 2006). However, "[a] summary judgment affidavit may not contain expert testimony unless the affiant has first been designated as an expert witness under Fed. R. Civ. P. 26(a)(2)." Bryant v. Farmers Ins. Exchange, 432 F.3d 1114, 1122 (10th Cir. 2005). The parties in this case have not made expert

---

[2] Under loss history, the Lloyd's of London application states that the "Insured has had some claims on rental property" that were not listed, but fails to provide the value of the unlisted claims. Dkt. # 56, Ex. 5, Acord Homeowner Application, at 2. Even viewing this evidence in a light most favorable to defendants, this does not support their claim that their loss history should be imputed to Scottsdale for purposes of the bad faith claim.

disclosures, and the Tollivers have presented no evidence that they properly identified Fye as an expert witness before attaching his affidavit to their response. Even if the Court did consider Fye's affidavit, it merely contains conclusory opinions that reflect a fundamental misunderstanding of bad faith law in Oklahoma.[3] The affidavit does not create a genuine issue of material fact that would preclude summary judgment, even if it were admissible.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reconsider and Brief in Support (Dkt. # 89) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's Unopposed Application to Extend Expert Identification Date and Expert Witness Reports (Dkt. # 90) is **granted**. Plaintiff must identify expert witnesses and produce expert reports by **September 29, 2006**. Defendants must identify any expert testimony and produce expert reports by **October 13, 2006**.

**DATED** this 12th day of September, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] For example, the affidavit states that the "claim-handling record should reflect a reasonable attempt to investigate the source of the information on the application." The Court has found that Oklahoma law imposes no such duty. See Hays, 105 F.3d at 590; Marshall, 831 P.3d at 653-54. Fye confuses lack of evidence showing an intent to deceive with the legal issue of whether Scottsdale had a legitimate basis to dispute coverage. See Claborn, 910 P.2d at 1051.