## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04-CV-0227-CVE-FHM ) |
| MICHAEL S. TOLLIVER and SANDRA L. TOLLIVER, | ) ) ) ) |
| Defendants. | ) |

### OPINION AND ORDER

This matter came on for jury trial on April 17 and 18, 2007. At the close of defendants' case, they moved, pursuant to Fed. R. Civ. P. 50(a), for judgment as a matter of law on plaintiff's claim for cancellation of the insurance policy on the ground that plaintiff, Scottsdale Insurance Company ("Scottsdale"), failed to return all premiums paid by defendants before Scottsdale filed this action to cancel the insurance policy. The Court took defendants' motion under advisement, and the jury subsequently returned a verdict in favor of Scottsdale. Before entering judgment, the Court must rule on defendants' motion for directed verdict. Ketchum v. Nall, 425 F.2d 242, 243 (10th Cir. 1970).

The Court finds that defendants' motion should be denied. In an equitable action to rescind an insurance policy, the insurer must offer to return the policy premiums before a judgment can be entered rescinding the insurance policy. Sneed v. State ex rel. Dep't of Transp., 683 P.2d 525, 528 (Okla. 1983). The insurer can make a tender of any consideration received, at any time until judgment is entered, and a court can even enter a judgment that is conditional upon the insurer returning the policy premium to the insured. Id. However, Sneed does not apply. Before trial

started, the Court notified the parties that Scottsdale's claim to cancel the insurance policy under OKLA. STAT. TIT. 36, § 3609, was a legal, not an equitable, claim for rescission. Oklahoma cases addressing a statutory claim under section 3609 state that an insurer can cancel a policy when it proves that the insured made a material misrepresentation on his or her application, with the intent to deceive the insurer. Scottsdale v. Tolliver, 127 P.3d 611 (Okla. 2005); Claborn v. Washington National Ins. Co., 910 P.2d 1046 (Okla. 1996); Brunson v. Mid-Western Life Ins. Co., 547 P.2d 970 (Okla. 1976); Whitlach v. John Hancock Mut. Life Ins. Co., 441 P.2d 956 (Okla. 1968); Massachusetts Mut. Life Ins. Co. v. Allen, 416 P.2d 935 (Okla. 1965). The Oklahoma Supreme Court has not applied the refund principle to statutory claims under section 3609.

**IT IS THEREFORE ORDERED** that defendants' motion for judgment as a matter of law is **denied**.

**DATED** this 19th day of April, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT