**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 04-CV-0227-CVE-FHM |
| MICHAEL S. TOLLIVER and SANDRA L. TOLLIVER, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Review Clerk's Action on Motion for Costs and Brief in Support (Dkt. # 217). Plaintiff Scottsdale Insurance Company (Scottsdale) asks the Court to review the Court Clerk's denial of its Renewed and Supplemental Motion for Costs (Dkt. # 186) filed on October 8, 2008 and its supplemental bill of costs (Dkt. # 191) filed on October 9, 2008.

**I.**

On March 19, 2004, Scottsdale filed this case seeking cancellation of an insurance policy issued to Sandra and Michael Tolliver. Scottsdale asserted that the Tollivers intentionally misrepresented their loss history on an application for dwelling coverage and this misrepresentation was material to Scottsdale's decision to issue the dwelling policy. The Tollivers counterclaimed for breach of contract and bad faith.[1] The case proceeded to trial in April 2007 and a jury found in favor of Scottsdale on its claim to cancel the insurance policy. Scottsdale filed a bill of costs and, after

---

[1] The Court entered summary judgment in favor of Scottsdale on the Tollivers' bad faith claim on July 21, 2006. Dkt. # 87.

a hearing, the Court Clerk award Scottsdale $8,128.03 of costs. The Tollivers appealed the jury verdict to the Tenth Circuit Court of Appeals, and the Tenth Circuit remanded the case for a new trial. The Court set the re-trial of this case for September 17, 2008.

On September 19, 2008, a jury again found in favor of Scottsdale on its claim for cancellation of the insurance policy between Scottsdale and defendants. On October 3, 2008, defendants filed a renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50 and a motion for new trial under Fed. R. Civ. P. 59. Dkt. ## 183, 184. Scottsdale filed a supplemental motion (Dkt. # 186) for costs on October 8, 2008 and a supplemental bill of costs (Dkt. # 191) on October 9, 2008. The Court Clerk denied Scottsdale's supplemental bill of costs as untimely, because it was filed 19 days after the Court entered judgment in favor of Scottsdale.

## II.

In civil cases, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). "The apparent intendment of Rule 54(d) is that the prevailing party is presumptively entitled to costs, and that it is incumbent on the losing party to overcome such presumption, since the denial of costs is in the nature of a penalty." Serna v. Manzano, 616 F.2d 1165, 1167 (10th Cir. 1980). Any objections to the Court Clerk's order granting or denying costs must be filed within five days, or those objections are waived. Fed. R. Civ. P. 54(d); Bloomer v. United States, 337 F.3d 1220 (10th Cir. 2003). In this case, plaintiff filed a timely objection the Court Clerk's denial of its supplemental bill of costs, and plaintiff's objection is properly before the Court.

### III.

Scottsdale claims that its supplemental bill of costs was timely because defendants' motions for judgment as a matter and for new trial tolled the time to file a motion for costs under Rule 54(d). Defendants respond that Rule 54(d) and LCvR 54.1 require a prevailing party to move for costs within 14 days of entry of judgment and Scottsdale's supplemental bill of costs was untimely.

The Federal Rules of Civil Procedure authorize a prevailing party to recover costs from the opposing party. Fed. R. Civ. P. 54(d). However, Rule 54 does not provide a specific deadline to file a motion for costs. This Court has adopted LCvR 54.1, which states:

> A prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs on the form provided by the Court Clerk and support the same with a brief. The bill of costs and brief shall be filed and served not more than fourteen (14) days after entry of judgment. The bill of costs and brief shall be separate documents from the motion for legal fees and its brief.

The rule does not expressly address the effect of a Rule 50 or 59 motion on the deadline to file a bill of costs. The Tenth Circuit had not considered this issue, but several circuit courts of appeals have found that a timely-filed Rule 50 or 59 motion tolls the deadline to file a motion for costs or attorney fees under Rule 54(d). See Bailey v. County of Riverside, 414 F.3d 1023, 1025 (9th Cir. 2005) (judgment is not final while a post-trial motion is pending and a motion for costs or fees is timely if filed within 14 days of district court's ruling on certain post-trial motions); Miltimore Sales, Inc. v. Int'l Rectifier, 412 F.3d 685 (6th Cir. 2005) (same); Members First Fed. Credit Union v. Members First Credit Union of Florida, 244 F.3d 806 (11th Cir. 2001) (timely Rule 59 motion "suspend[s] the finality of the district court's judgment" and deadline to file bill of costs under local rule tolled while Rule 59 motion was pending); Weyant v. Okst, 198 F.3d 311, 315 (2d Cir. 1999) ("the finality of a judgment is negated by the timely filing of a motion under Rule 50(b), 52(b), or 59, [and] we

conclude that a Rule 54(d)(2)(B) motion is timely if filed no later than 14 days after the resolution of such . . . motion").

Rule 54(a) defines a judgment as "any order from which an appeal lies." When a party files a Rule 50 or 59 motion, the underlying district court judgment is not final and an appeal of the judgment may not proceed until the district court rules on the post-trial motion. Stone v. I.N.S., 514 U.S. 386, 402-03 (1995); Jennings v. Rivers, 394 F.3d 850, 855 n.4 (10th Cir. 2005); Hatfield v. Bd. of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). Two district courts within the Tenth Circuit have found a timely Rule 59(e) motion tolls the time to file a motion for costs or attorney fees under Rule 54(d), because the underlying judgment is no longer final upon the filing of a Rule 59(e) motion. RMA Ventures California v. Sunamerica Life Ins. Co., 2008 WL 793333 (D. Utah Mar. 25, 2008); U.S. Surgical Corp. v. Orris, Inc., 47 F. Supp. 2d 1270, 1271 (D. Kan. 1999). The Court has conducted its own research and cannot locate any contradictory authority. Based on existing Tenth Circuit precedent concerning the finality of judgments and the weight of authority from other circuit courts of appeals, the Court believes that the Tenth Circuit would find that the deadline to file a motion for costs under Rule 54(d) is tolled upon the filing of a timely Rule 50 or Rule 59 motion.

In this case, the Court entered judgment in favor of Scottsdale on September 19, 2008. Scottsdale did not file its motion for costs until October 8, 2008. However, defendants filed a Rule 50 motion (Dkt. # 183) and a Rule 59 motion (Dkt. # 184) on October 3, 2008. Based on defendants' filing of a timely post-trial motions under Rule 50 and 59, Scottsdale's deadline to file a bill of costs was tolled on October 3, 2008. Scottsdale filed its motion for costs on October 8, 2008 and its bill of costs on October 9, 2008, and both were filed while its deadline to seek costs

under Rule 54(d) was tolled. Therefore, Scottsdale's motion and bill of costs were timely and perhaps even premature. Therefore, the Court Clerk should not have denied Scottsdale's supplemental motion for costs (Dkt. # 186) and supplemental bill of costs (Dkt. # 191) as untimely, and this matter should be remanded to the Court Clerk for further proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Review Clerk's Action on Motion for Costs and Brief in Support (Dkt. # 217) is **granted**, and the Court Clerk's order denying Scottsdale's supplemental motion and bill of costs (Dkt. # 213) is **vacated**.

**IT IS FURTHER ORDERED** that Scottsdale's supplemental motion for costs (Dkt. # 186) and supplemental bill of costs (Dkt. # 191) are **remanded** to the Court Clerk.

**DATED** this 2nd day of March, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT