## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

SCOTTSDALE INSURANCE
COMPANY,

                Plaintiff,

vs.

MICHAEL S. TOLLIVER and SANDRA
L. TOLLIVER,

                Defendant.

Case No. 04-CV-227-CVE-FHM

## PARTIAL
## REPORT AND RECOMMENDATION

Plaintiff's Supplemental Motion for Attorneys' Fees [Dkt. 185] is before the undersigned United States Magistrate Judge for Report and Recommendation.

Plaintiff's motion presents two distinct questions: the legal question of Plaintiff's entitlement to attorney fees; and the factual question of the reasonable amount of fees. As hereafter discussed, this Partial Report and Recommendation resolves the legal question in Plaintiff's favor. The amount of fees remains to be resolved. The undersigned will schedule an evidentiary hearing to address that question and will issue an additional Report and Recommendation concerning the amount of fees.

## Background

Michael and Sandra Tolliver's (Tollivers) house, which was insured by Scottsdale Insurance Company (Scottsdale), was damaged by a fire. Scottsdale filed this case seeking cancellation of the insurance policy and the Tollivers counterclaimed for breach of contract and bad faith. The Court granted summary judgment to Scottsdale on the bad faith claim. [Dkt. 87]. Scottsdale then served an Offer to Confess Judgment on the breach of contract claim which the Tollivers did not accept.

The case has been tried to a jury, twice and twice a jury has rendered a verdict in favor of Plaintiff Scottsdale on its claim for cancellation of the insurance policy. [Dkt. 125, 178].   Following the first trial, the undersigned entered a Partial Report and Recommendation [Dkt. 152] finding that the offer of judgment made by Scottsdale is valid under 12 Okla. Stat. §1101.1.  After the parties' agreement that $60,000 was a reasonable attorney fee, the undersigned entered a Final Report and Recommendation recommending an attorney fee award in favor of Plaintiff in the amount of $60,000. [Dkt. 155].  Defendants filed an objection to the Partial Report and Recommendation. [Dkt. 156].  Before the District Court ruled on the attorney fee issue, the Tenth Circuit reversed the judgment entered on the jury verdict and remanded the case for a new trial under different jury instructions. [Dkt. 158].  Following remand, the Court found that the motion for attorney fees, the related Report and Recommendation, and objection were moot. [Dkt. 160].

The case has been retried, a verdict returned for Plaintiff, and a judgment entered in favor of Plaintiff Scottsdale Insurance Company against Defendants. [Dkt. 179].  In the instant motion for attorney fees, [Dkt. 185], Plaintiff again seeks attorney fees on the same basis as the earlier motion.  That is, Scottsdale seeks recovery of the reasonable litigation costs and reasonable attorney fees incurred after the date of its Offer to Confess Judgment

2

pursuant to 12 Okla. Stat. § 1101.1.[1] [Dkt. 131].  The Tollivers contend Scottsdale's motion

should be denied for the following reasons:

1.      Because Scottsdale's Supplemental Motion for Attorney Fees is untimely;
2.      Because no judgment was entered in favor of the Tollivers;
3.      Because Scottsdale's Offer to Confess Judgment was not filed with the court;
4.      Because Scottsdale's Offer to Confess Judgment was made jointly to the Defendants;
5.      Because Scottsdale's motion is precluded by the Erie Doctrine.

Except for the Tolliver's assertion that the motion is untimely, the parties have

repeated the arguments they advanced following the first trial concerning an attorney fee

award.  Therefore, for the most part, this Partial Report and Recommendation reproduces

---

[1]  12 Okla. Stat. § 1101.1 (B) provides in relevant part:
1. After a civil action is brought for the recovery of money or property in an action other than for personal injury, . . . any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action.  An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise.
*      *      *
If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. . . .
*      *      *
3.  If no offer of judgment or counteroffer of judgment is accepted and the judgment awarded the plaintiff is less than one or more offers of judgment, the defendant shall be entitled to reasonable litigation costs and reasonable attorney fees incurred by the defendant with respect to the action or the claims included in the offer of judgment from and after the date of the first offer of judgment which is greater than the judgment until the date of the judgment.  Such costs and fees may be offset from the judgment entered against the offering defendant.

the analysis and conclusions the undersigned reached in issuing the previous Partial Report and Recommendation in this case. [Dkt. 152].

## Discussion

The undersigned rejects the Tolliver's assertion that the Supplemental Motion for Attorney Fees is untimely. Fed.R.Civ.P. 54(d) requires that a motion for attorney fees must be filed within fourteen days after the entry of judgment. Although Scottsdale's motion was not filed within that fourteen day time frame, the TOLLIVER's motion for new trial suspended the running of the Rule 54(d) fourteen day period. The Court fully discussed the rationale for this conclusion in its Order granting Plaintiff's Motion to Review the Clerk's Order on Motion for Costs. [Dkt. 225]. Based on that rationale, the undersigned finds that the instant motion, filed while the Motion for New Trial was pending, is timely.

Relying on language in 12 Okla. Stat. § 1101.1, which requires the judgment to be less than the offer to give rise to an award of costs and attorney fees, the Tollivers argue that, because no judgment was entered in favor of the Tollivers, § 1101.1 is not applicable to this case. The Tollivers cite cases interpreting Fed.R.Civ.P. 68 as support for this position. Scottsdale responds by citing *Commercial Financial Services, Inc. v. J.P. Morgan Securities, Inc.*, 152 P.3d 897 (Okla. Civ. App. 2006), where the Oklahoma Court of Civil Appeals rejected the Tolliver's construction of § 1101.1.

Where, as here, federal jurisdiction is based on diversity of citizenship, the court applies the law of the forum state. In the absence of authoritative precedent from the forum state, the federal court must predict how the state court would rule. *DP-Tek, Inc. v. AT&T Global Information Solutions Co.*, 100 F.3d 828, 831 (10th Cir. 1996). The undersigned finds that *Commercial Fin. Svs.* correctly predicts Oklahoma law on this issue. Therefore

4

12 Okla. Stat. § 1101.1 is applicable to this case despite the fact that no judgment was entered in favor of the Tollivers.

Again relying on the language of 12 Okla. Stat. § 1101.1, the Tollivers contend the offer to confess judgment was invalid because it was not filed with the court as required by § 1101.1.  Notably, the Tollivers assert only that the offer was not filed, they do not assert that they did not receive the offer or that the lack of filing worked any prejudice on them. The Ninth Circuit addressed a similar issue in *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1282-83 (9th Cir. 1999).  The Court held that state law did not purport to prescribe the procedure that should be followed in federal court for making an offer of judgment.  Rather, the procedure prescribed in Fed.R.Civ.P. 68 should be followed in making the offer of judgment.  Further, since state law permitted recovery of attorney fees after the rejection of an offer of judgment, it would be unjust to reach a different result because the forum is federal.  The reasoning of the *MRO* Court is sound.  The undersigned concludes that Scottsdale's offer of judgment is not invalid because it was not filed in accordance with § 1101.1.  It was appropriate for Scottsdale to follow the dictates of Fed.R.Civ.P. 68 in making its offer to confess judgment.

The Tollivers also argue that because the Oklahoma offer of judgment statute, 12 Okla. Stat. § 1101.1, is located within Oklahoma's civil procedure code, it is a procedural matter.  Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1182 (1938) procedural matters in federal court are governed by federal law.  They argue therefore that 12 Okla. Stat. § 1101.1 should not be applied to their case at all.  Although the Tenth Circuit has not decided this issue, the Ninth Circuit and the Seventh Circuit have both rejected the Tolliver's argument. *MRO Communications*, 197 F.3d at 1282; *S.A. Healy Co.*

*v. Milwaukee Metropolitan Sewerage Dist.*, 60 F.3d 305 (7th Cir. 1995).  The undersigned is persuaded by these authorities and concludes that Scottsdale's claim under 12 Okla. Stat. § 1101.1 is not precluded by the *Erie* Doctrine.

The Tollivers contend that the offer of judgment is invalid because it was an unapportioned offer made jointly to both Mr. and Mrs. Tolliver.  There is no authoritative precedent on the subject because the Oklahoma Supreme Court has not addressed the issue.  The Tollivers cite two cases from the Oklahoma Court of Civil Appeals in support of their argument: *Haddock v. Woodland Park Home, Inc.*, 90 P.3d 594 (Okla. Civ. App. 2004) and *Medlock v. Admiral Safe Co., Inc.*, 122 P.3d 883 (Okla. Civ. App. 2005).  In the process of attempting to predict how the Oklahoma Supreme Court would rule on the issue, a federal court looks to lower state court decisions such as the Oklahoma Court of Civil Appeals.  *DP-Tek,* 100 F.3d at 831.  However, the undersigned is not persuaded that the cases cited by the Tollivers correctly predict the Oklahoma law on this issue.

In *Haddock*, the court concluded that an unapportioned offer was invalid under 12 Okla. Stat. § 1101.1 because the statute was written in the singular and because such offers prevent each plaintiff from evaluating the offer with regard to his or her claim. *Haddock* involved a husband and wife with separate claims.  The wife's claim for damages was for injuries she sustained in an automobile accident, while the husband's claim was for loss of consortium.  That these claims were divisible and therefore required separate offers of judgment is illustrated by the fact that at trial the jury found in favor of the wife, awarding her $350,000 in damages but found in favor of the defendant and against the husband on the loss of consortium claim.  *Haddock*, 90 P.3d at 595.

6

In *Medlock*, an attorney fee award made under § 1101.1 was reversed because the offer to confess judgment was made to the several plaintiffs as a group and was therefore invalid.  A dissenting opinion severely criticized the statutory construction employed by the *Haddock* Court.   122 P.3d at 889 (Joplin, J. dissenting).   The *Medlock* majority acknowledged the dissent's general statement concerning statutory construction as being correct, but found that "the context of § 1101.1" required the result that an offer to several plaintiffs is invalid. 122 P.3d at 889.

The undersigned is persuaded by the reasoning of the dissent in *Medlock* that the construction of § 1101.1 adopted by the *Haddock* court does not properly apply the rules of statutory construction.  In *Haddock* the Court observed that the wording of §1101.1 was in the singular referring to an offer by "any defendant" to "any plaintiff."  Because the statute employed the term "any plaintiff," the *Haddock* Court found that "[c]larity requires separate offers to each plaintiff."  *Haddock*, 90 P.3d at 598.  The dissenting judge in *Medlock* stated the *Haddock* Court's construction of §1101.1 was faulty because it violated the following statutorily mandated rule of statutory construction:

> Words used in the singular number include the plural, and the plural the singular, except where a contrary intention plainly appears.

25 Okla. Stat. § 25.  Since a contrary intention does not plainly appear in §1101.1, the *Medlock* dissent reasoned that application of the foregoing rule mandates an interpretation which allows "'any' defendant to make offers to "several plaintiffs."  *Medlock*, 122 P.3d at 890 (Joplin, J., dissenting).   The dissent further stated that to prohibit a singular unapportioned offer turns statutory and common law jurisprudence on its head.  *Id.*

7

The undersigned wholly agrees with the *Medlock* dissent's construction of §1101.1. The result reached by *Haddock* and the *Medlock* majority cannot be justified by the express terms of the statute.  Nor can the policy concerns expressed in *Haddock* justify applying the *Haddock* interpretation in this case.  The *Haddock* Court expressed concern that an unapportioned offer made to multiple plaintiffs would prevent each plaintiff from evaluating the settlement offer against the value of the individual's claim.  *Haddock*, 90 P.3d at 598. In the present case, the Tollivers, husband and wife, asserted a single unitary insurance claim for a single unitary loss on their insured home.  There is nothing within the record which suggests that the Tollivers had anything other than an undivided joint interest in the case.  Under such circumstances a single unapportioned offer is especially appropriate. *See generally Short v. Petty*, 139 P.3d 621 (Ariz. 2006) (unapportioned offer to parties with intertwined claims, represented by same counsel and joint verdict form allowed parties to make meaningful choice between accepting or rejecting offer and, therefore permitted award of attorney fees); *Wiese v. Dedhia*, 806 A.2d 826 (N.J. Super. 2002) (unapportioned offer to parties with inextricably linked claims arising from same transaction and no conflicts of interest valid and will support award of attorney fees).

The undersigned concludes that if confronted with this issue, the Oklahoma Supreme Court would adjudge the appropriateness of a single unapportioned offer to confess judgment made to multiple plaintiffs based on the nature of the claims asserted, not the statutory construction employed by the *Haddock* and *Medlock* Courts.  Therefore, in this case where the Tollivers have an undivided joint interest in the breach of contract claim, are represented by the same attorney, have a joint verdict and there is no conflict

of interest between them, the unapportioned offer made by Scottsdale is valid under 12 Okla. Stat. § 1101.1.

### Conclusion

Based on the foregoing, the undersigned RECOMMENDS that Scottsdale's Motion for Attorneys' Fees [Dkt. 185] be GRANTED.

The Tolliver's request for an evidentiary hearing on the reasonableness of the requested fees is GRANTED.  A hearing before the undersigned United States Magistrate Judge will be scheduled after the parties advise the Court whether they are able to agree on a reasonable hourly rate and a reasonable number of hours to be awarded.  Counsel are hereby directed to personally meet and confer in good faith to determine whether there are matters related to the amount of the fee award which are not disputed.  On or before April 6, 2009, the parties are to file a joint notice advising the Court of the specific areas of dispute concerning the amount of the fee request.

Since this Partial Report and Recommendation does not completely resolve the Supplemental Motion for Attorneys' Fees [Dkt. 185],the time under 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), for filing specific written objections to this Partial Report and Recommendation shall not begin to run until the undersigned issues a Report and Recommendation addressing the amount of fees to be awarded.

DATED this 25th day of March, 2009.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

9