## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 04-CV-0227-CVE-FHM |
| MICHAEL S. TOLLIVER and SANDRA L. TOLLIVER, | ) ) ) ) |
| Defendants. | ) ) |

### OPINION AND ORDER

Now before the Court are the reports and recommendations (Dkt. ## 227, 236) recommending that the Court grant Plaintiff's Supplemental Combined Motion for Attorneys' Fees and Brief in Support (Dkt. # 185). Defendants have filed an objection (Dkt. # 237) to the reports and recommendations as to plaintiff's right to recover fees, but the parties have filed a stipulation (Dkt. # 235) concerning the amount of fees.[1]

### I.

Sandra and Michael Tolliver purchased a home located at 1735 East 31st Street, Tulsa, Oklahoma, and applied for dwelling insurance with Scottsdale Insurance Company (Scottsdale).[2] The Tollivers' application for insurance coverage was approved. However, the Tollivers did not disclose their complete loss history on their application. Specifically, the Tollivers failed to disclose

---

[1] The parties have stipulated that plaintiff is entitled to recover $140,000 if its motion for attorney fees is granted. Dkt. # 235, at 2.

[2] A more complete statement of the facts giving rise to this case can be found in the Court's opinion and order (Dkt. # 211) ruling on the Tollivers' post-trial motions. The facts stated in this Opinion and Order concern only those facts relevant to plaintiff's motion for attorney fees.

that they had made two fire loss claims and a theft claim within the three years preceding their application for dwelling insurance from Scottsdale. On March 29, 2003, the house was destroyed in a fire and the Tollivers filed a claim with Scottsdale to recover the full amount available under the insurance policy. Scottsdale investigated the claim. It determined that the Tollivers had not disclosed their full loss history and the omissions from their loss history were material to Scottsdale's decision to issue dwelling insurance to the Tollivers. Scottsdale denied the Tollivers' claim based on omissions in their loss history, because Scottsdale determined that the omissions constituted material misrepresentations in the Tollivers' application for dwelling insurance.

On March 19, 2004, Scottsdale filed this case seeking a declaratory judgment that it had no obligation to indemnify the Tollivers for any loss, because the Tollivers made a material misrepresentation on their application. The Tollivers counterclaimed for breach of contract and bad faith. The Court granted Scottsdale's motion for summary judgment on the Tollivers' bad faith counterclaim, but found that a genuine issues of material precluded summary judgment as to the Tollivers' breach of contract counterclaim. Dkt. # 87. On August 8, 2006, Scottsdale sent an offer to confess judgment as to the Tollivers' breach of contract counterclaim to the Tollivers' attorney, but the offer was not filed with the Court. Dkt. # 185, Ex. A. The offer referenced Fed. R. Civ. P. 68 and OKLA. STAT. tit. 12, § 1101.1. The Tollivers did not accept the offer, and the case proceeded to trial on Scottsdale's claim for cancellation of the insurance policy and the Tollivers' breach of contract counterclaim.

On April 18, 2007, a jury returned a verdict in favor of Scottsdale on its claim of cancellation. Dkt. # 125. The Tollivers appealed the verdict to the Tenth Circuit Court of Appeals. The Tenth Circuit held that this Court should have instructed the jury that Scottsdale had the burden

to prove intent to deceive by clear and convincing evidence, and remanded the case for a new trial. Dkt. # 158, at 19. The Court set a new trial for May 19, 2008. The parties requested a continuance, and the trial date was reset for September 17, 2008. Trial began as scheduled and, on September 19, 2008, a second jury returned a verdict in favor Scottsdale. Dkt. # 178. The Tollivers filed post-trial motions under Fed. R. Civ. P. 59 and 60, and the motions were denied. Dkt. # 211. The Tollivers appealed the denial of their post-trial motions, and the Court's decision was affirmed by the Tenth Circuit. Dkt. # 240.

Following the second trial, Scottsdale filed a motion seeking attorney fees under § 1101.1, because the Tollivers did not accept its offer to confess judgment and were not awarded judgment equal to or greater than the offer. Dkt. # 185. The motion was referred to the magistrate judge for a report and recommendation. He issued a partial report and recommendation finding that Scottsdale was entitled to recover attorney fees and set a date for an evidentiary hearing as to the amount of attorney fees. Dkt. # 227. The parties filed a stipulation that Scottsdale incurred $140,000 in attorney fees litigating this case. Dkt. # 235. The report and recommendation (Dkt. # 236) is that Scottsdale be awarded attorney fees in the amount of $140,000. The Tollivers have filed an objection to the report and recommendation and request de novo review of the magistrate judge's report and recommendation on two issues. They argue that (1) § 1101.1 conflicts with Rule 68, and § 1101.1 is inapplicable in federal court under the Erie doctrine; and (2) even if § 1101.1 is applicable, Scottsdale did not file its offer to confess judgment with the Court and the offer of judgment was invalid under § 1101.1. See Dkt. # 237.

**II.**

Pursuant to Fed. R. Civ. P. 72(b), defendants have filed a timely objection to the magistrate judge's report and recommendation and the Court must conduct a de novo review of the magistrate judge's report and recommendation. Under 28 U.S.C. § 636(b)(1), the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See also Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**III.**

Defendants raise two objections to the magistrate judge's report and recommendation, and the Court must consider these issues de novo. First, defendants assert that Scottsdale's request for attorney fees is barred by Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), because Scottsdale relied on OKLA. STAT. tit 12, § 1101.1, a state procedural statute, as the substantive basis for its offer of judgment and § 1101.1 does not apply in federal court under the Erie doctrine. Second, defendants argue that Scottsdale did not file its offer of judgment with the Court, and the offer was ineffective under § 1101.1.

**A.**

Defendants assert that § 1101.1 does not apply in federal court, because it is an Oklahoma procedural statute that directly conflicts with the Federal Rules of Civil Procedure. Defendants

4

argue that § 1101.1 conflicts with Rule 68 in two ways. First, each statute provides a different procedure for making an offer of judgment, because § 1101.1 requires that an offer of judgment be filed with the Court, while Rule 68 expressly prohibits the filing of an unaccepted offer of judgment. Second, Rule 68 does not permit the offeror to recover costs when the offeror prevails at trial, but § 1101.1 may still apply even when the offeror receives a verdict in his favor. Plaintiff responds that § 1101.1 creates a substantive right to attorney fees and it does apply in federal court, even if there is a conflict between the procedures required by Rule 68 and § 1101.1. Plaintiff also argues that defendants' interpretation of Rule 68 and § 1101.1 would result in inconsistent outcomes in state and federal court and, regardless of any conflict in procedural rules, the substantive aspect of § 1101.1 is enforceable in federal court.

Plaintiff's motion for attorney fees concerns the application of § 1101.1, a state offer of judgment statute, in a diversity case. In relevant part, § 1101.1 provides:

> After a civil action is brought for the recovery of money or property in an action other than for personal injury . . . , any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, file:
>
>     a.    a written acceptance or rejection of the offer, or
>
>     b.    a counteroffer of judgment, as described in paragraph 2 of this subsection.
>
> If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. . . .

OKLA. STAT. tit. 12, § 1101.1(B). If the offeree rejects the offer of judgment and ultimately recovers less than the offer or nothing at all, the offeror is entitled to an award of "costs and reasonable

5

attorney fees incurred . . . from the date of the first offer of judgment . . . ." Id. at § 1101.1(B)(3). Under the Federal Rules of Civil Procedure, a party may serve an offer of judgment on the opposing party at any time more than 10 days before trial. Fed. R. Civ. P. 68. The offer must not be filed with the Court. Id. If the offer is rejected and the offeree obtains a judgment that is less favorable than the offer, "the offeree must pay the costs incurred after the offer was made." Id. Rule 68 does not give the offeror the right to recover attorney fees incurred after the offer and is limited to cost-shifting only.

Under Erie, a federal court sitting in diversity must apply state substantive law but procedural matters are governed by federal law. Erie, 304 U.S. at 78; Aspen Orthopaedics & Sports Medicine, LLC v. Apsen Valley Hosp. Dist., 353 F.3d 832 (10th Cir. 2003); Boyd Rosene & Assoc., Inc. v. Kansas Mun. Gas Agency, 174 F.3d 1115 (10th Cir. 1999). However, the application of Erie does not simply turn on whether a state statute can be characterized as procedural or substantive. Hefley v. Textron, Inc., 713 F.2d 1487, 1497 (10th Cir. 1983). One of the key purposes of the Erie doctrine is to ensure that "the outcome of the litigation in federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109 (1945).

When state law mandates a different procedure from the Federal Rules of Civil Procedure, a district court must determine whether the state and federal rules are in direct conflict. Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1539 (10th Cir. 1996). If a Federal Rule of Procedure comes into direct conflict with a state procedural rule, a federal court sitting in diversity must apply the federal rule. Hanna v. Plumer, 380 U.S. 460, 471 (1965) (Fed. R. Civ. P. 4 should be used to determine appropriate methods for service of process in diversity cases even when service

does not comply with state law governing service of process); Sims v. Great American Life Ins. Co., 469 F.3d 870, 877 (10th Cir. 2006) (Erie is inapplicable when state law comes into conflict with a Federal Rule of Civil Procedure). A federal district court should apply a conflicting state procedural rule only if application of the federal rule would violate the Rules Enabling Act, 28 U.S.C. § 2702, or the United States Constitution. Atlantic Richfield Co. v. Monarch Leasing Co., 84 F.3d 204, 207 (6th Cir. 1996); Ferrero v. Associated Materials, Inc., 923 F.2d 1441, 1449 (11th Cir. 1991).

Defendants argue that Rule 68 directly conflicts with § 1101.1, and the federal rule must be applied under Hanna. Rule 68 does not allow a party to file an unaccepted offer of judgment with the court, but § 1101.1 requires that an offer be filed with the court before it may be accepted by the opposing party. Under Rule 68, an offer of judgment is filed only if it is accepted by the opposing party. Ramming v. Natural Gas Pipeline Co. of America, 390 F.3d 366, 370 (5th Cir. 2004). Rule 68 exhibits a strong federal policy against filing such offers with the court and a party may incur a significant sanction for filing an unaccepted offer of judgment. Bechtol v. Marsh & McLennan Cos., Inc., 2008 WL 2074046 (W.D. Wash. May 14, 2008) (striking unaccepted offer of judgment attached to a pleading by the offeree); Dieujuste v. R.J. Elec., Inc., 2007 WL 2409831 (S.D. Fla. Aug. 27, 2007) (granting the plaintiff's motion to strike offer of judgment filed with court and reserving ruling on appropriate sanction against defendant); Kason v. Amphenol Corp., 132 F.R.D. 197 (N.D. Ill. 1990) (sua sponte striking offer of judgment filed by the defendant).

When state and federal procedural rules are in direct conflict, defendants are correct that the federal rule controls. There is no dispute that Rule 68 and § 1101.1 conflict as to the manner of making an offer of judgment and, under Hanna, a party must follow Rule 68 when making an offer of judgment in federal court. Scottsdale's offer of judgment was made pursuant to Rule 68 and §

7

1101.1, but Scottsdale relied § 1101.1 as its substantive basis to seek an award of attorney fees. See Dkt. # 185, Ex. A ("Scottsdale also makes this offer pursuant to [§ 1101.1] and according to the terms of such statute."). There was nothing procedurally improper about Scottsdale's decision to follow Rule 68's procedure when making an offer of judgment, even though it relied on a state statute authorizing an award of attorney fees. Scottsdale would have violated a strong federal policy against filing an unaccepted offer of judgment with the Court and Scottsdale appropriately followed Rule 68's procedure for making an offer of judgment to defendants. Defendants overlook the plain language of Scottsdale's offer of judgment, which states that the offer was made under Rule 68 and § 1101.1. Scottsdale clearly intended to make an offer under Rule 68 and § 1101.1, and its offer would have been stricken if it followed the procedure required by § 1101.1. Scottsdale followed the correct procedure for making an offer of judgment in federal court, and the offer is not invalid due to Scottsdale's decision not to file the unaccepted offer with the Court.

Defendants argue that there is also a substantive conflict between Rule 68 and § 1101.1, and this conflict renders § 1101.1 wholly inoperable in federal court. Defendants identify two substantive differences between Rule 68 and § 1101.1. First, Rule 68 authorizes only an award of "costs" and § 1101.1 permits the offeror to recover costs and attorney fees. Second, Rule 68 does not apply when the offeror receives a verdict in its favor and the offeree's claims are rejected, while § 1101.1 applies even if the offeree does not obtain any verdict in its favor.[3]

Under Rule 68, the term "costs" includes attorney fees only when the substantive statute underlying a party's claim or defense authorizes an award of attorney fees. Marek v. Chesney, 473

---

[3]   A review of the case law shows that this is not truly an independent argument, and this argument will be addressed as part of the Court's discussion of the applicability of state offer of judgment statutes in a federal diversity case.

8

U.S. 1 (1985). However, in diversity cases, state law governs an award of attorney fees as long as the state statute does not conflict with a valid federal statute or procedural rule. See Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 260 n.30 (1975); Combs v. Shelter Mut. Ins. Co., 551 F.3d 991, 1001 (10th Cir. 2008); Bevard v. Farmers Ins. Exchange, 127 F.3d 1147, 1148 (9th Cir. 1997); Texas Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc., 907 F.2d 1571, 1575 (5th Cir. 1990). In situations when a federal rule or statute does not permit attorney fees but a state statute would allow attorney fees, the state statute controls in a diversity case. Matter of King Resources Co., 651 F.2d 1349, 1353 (10th Cir. 1981). Thus, the general rule is that a state fee-shifting statute is substantive under Erie, and such statutes are enforceable in diversity cases in federal court.

The Tenth Circuit has addressed the effect of a state cost-shifting statute when the state statute authorizes an award of costs beyond those costs permissible under 28 U.S.C. § 1920 and, while not directly on point, this issue is analogous to present case. In Garcia v. Wal-Mart Stores, Inc., 209 F.3d 1170 (10th Cir. 2000), the plaintiff alleged that she was knocked over by a Wal-Mart employee pushing a shopping cart, and the jury subsequently determined that Wal-Mart Stores, Inc. was negligent. Id. at 1172. Before trial, the plaintiff made an offer of judgment to defendant and the offer was rejected. Plaintiff ultimately recovered more at trial than her offer of judgment, and sought costs under § 1920 and a Colorado statute authorizing additional costs not permitted by federal law. The district court denied plaintiff's application for costs authorized by Colorado law. Id. at 1173. The Tenth Circuit reversed the district court's decision and held that a state statute authorizing an award of costs other than those permitted by § 1920 did not conflict with Fed. R. Civ. P. 54. The Tenth Circuit stated:

> In the case of Fed. R. Civ. P. 54(d)(2), involving "attorneys' fees and related non-taxable expenses," the Rule expressly refers to "the substantive law governing the action," i.e, the governing state law in a diversity action. The provision "gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award." As a general rule in diversity cases, if "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." Rule 54(d)(2) does not limit the operation of state fee-shifting statutes to situations in which Congress has not already spoken, unlike Fed. R. Civ. P. 54(d)(1), which expressly permits Congress to provide for the award of specific costs, thereby preempting state law.

Id. at 1177. Garcia does not express the precise issue raised by defendants, but it is relevant to show that Rule 54 and Hanna do not prohibit a district court from awarding costs authorized by state law, even if not provided for by § 1920.

While there is not a substantial body of precedent on the Erie issue raised by defendants, one federal circuit court of appeals has considered whether a state offer of judgment of statute may be applied in federal court if the state statute appears to conflict Rule 68. The Ninth Circuit has held that a Nevada offer of judgment statute that permitted the offeror to recover attorney fees, in addition to costs, applied in federal court, because it did not conflict with Rule 68. MRO Communications, Inc. v. American Tel. & Tel. Co., 197 F.3d 1276, 1280-82 (9th Cir. 1999). Rule 68 clearly established the procedure for making an offer of judgment as to cost-shifting but Rule 68 does not address attorney fees, and Rule 68 was inapplicable to the district court's decision to award attorney fees. Id. at 1280. Instead, Rule 54(d)(2) creates the procedure for seeking post-judgment attorney fees in federal court, even though it does not create a substantive right to attorney fees, and parties are bound to follow the procedure set forth in Rule 54(d)(2) when filing a motion for attorney fees. Id. Nevada law concerning fee-shifting did "not run counter to a valid federal statute or rule of court . . . [and] state law denying the right to attorney's fees or giving a right thereto, which reflects a

substantial policy of the state, should be followed." Id. at 1281 (quoting Alyeska Pipeline Serv., 421 U.S. at 259 n.31). Rule 68 is also inapplicable in a case when judgment is entered for the offeror, and a federal district court must refer to state substantive law to determine if an award of attorney fees is appropriate in such circumstances. Id. at 1280. Importantly, the Ninth Circuit also held that it was not necessary for a party to make separate offers under state and federal law to recover attorney fees under a state offer of judgment statute if the offer was made in compliance with Rule 68. Id. at 1279.

The Court finds the reasoning of MRO Communications persuasive and finds that the Tenth Circuit would likely follow that decision. Rule 68 prescribes the procedure for making an offer of judgment in federal court, and Scottsdale followed Rule 68 when making its offer of judgment. When the offer was made, defendants did not argue that the offer was invalid due to Scottsdale's failure to follow the procedural requirements of § 1101.1, nor did defendants' claim that they were prejudiced by Scottsdale's failure to file the offer of judgment with the Court. Rule 68 does not speak to an award of attorney fees and the Court must refer to state substantive law to determine if an award of attorney fees is appropriate. See Garcia, 209 F.3d at 1177 (applying state cost-shifting statute when federal law did not govern an award of costs for the precise items addressed by Colorado law). Although there is not substantial legal authority on this issue, federal courts have treated a state offer of judgment statute creating a right to attorney fees as substantive for the purpose of Erie. See Jones v. United Space Alliance, LLC, 494 F.3d 1306 (11th Cir. 2007); S.A. Healy Co. v. Milwaukee Metropolitan Sewerage, 60 F.3d 305, 311-12 (7th Cir. 1995); Zamini v. Carnes, 2009 WL 2710108 (N.D. Cal. 2009); Armacost v. Amica Mut. Ins. Co., 821 F. Supp. 75, 78 (D.R.I. 1993). There was no need for Scottsdale to serve defendants with separate offers under

Rule 68 and § 1101.1 for the offer to effective, because Scottsdale's method of making the offer of judgment fully complied with Rule 68 and put defendants on notice that the offer was made pursuant to Rule 68 and § 1101.1. MRO Communications, Inc., 197 F.3d at 1279. The fact that Scottsdale would not be entitled to costs under Rule 68 due to the verdict in its favor does not eliminate its substantive right to attorney fees under Oklahoma law and, having found that Scottsdale made a valid offer of judgment, the Court is bound to apply substantive Oklahoma law and award attorney fees to Scottsdale.

**IT IS THEREFORE ORDERED** that the magistrate judge's reports and recommendations (Dkt. ## 227, 236) are **accepted**, and Plaintiff's Supplemental Combined Motion for Attorneys' Fees and Brief in Support (Dkt. # 185) is **granted**. A separate judgment is entered herewith.

**DATED** this 29th day of September, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT